UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br><br>              Plaintiff,<br><br>     v.<br><br>JALLA SOLTANIAN, et al.,<br><br>              Defendants. | No. 2:20-cv-1067-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed a complaint (ECF No. 1), an application for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (ECF Nos. 2, 7), and a motion for preliminary injunction (ECF No. 6).

I.      Application to Proceed In Forma Pauperis

Plaintiff's application (and separate trust fund account statement – ECF No. 5) makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

/////

/////

/////

II. <u>Screening</u>

    A. <u>Screening Standards</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

B. <u>Screening Order</u>

Plaintiff alleges that defendants have violated his rights under the First, Eighth, and Fourteenth Amendments.[1]

          1. <u>Defendant Soltanian</u>

Plaintiff contends that, in late 2019, defendant Soltanian revoked his: (1) Methodone pain medication prescription; (2) mobility devices; and (3) his neck brace and prescription pillow as punishment for other civil litigation he had filed against the California Department of Corrections and Rehabilitation ("CDCR"). ECF No. 1 at 4, 9-10. He also claims that Soltanian also threatened to place him in a wheelchair and under suicide watch if he did not comply in dropping his civil litigation. *Id.* at 9. Plaintiff alleges that the Methodone and mobility devices were needed due to long standing lumbar and cervical disc damage. *Id.* at 4, 10.

Plaintiff now brings claims against Soltanian for First Amendment retaliation, Eighth Amendment deliberate indifference to serious medical needs, a Fourteenth Amendment equal protection violation, and violations of the Rehabilitation Act. The court concludes that, taking the allegations as true, the First and Eighth Amendment claims against Soltanian should proceed. The Fourteenth Amendment and Rehabilitation Act claims will be dismissed, however. First, the disabled do not constitute a suspect class for equal protection purposes. *See Does 1-5 v. Chandler*, 83 F.3d 1150, 1155 (9th Cir. 1996) ("For the purposes of equal protection analysis, the disabled do not constitute a suspect class."). And, in any event, even if disabled people were a protected class for equal protection purposes, plaintiff's claim would still fail insofar as he does not allege that he was discriminated against *because* of his disability.[2] *See Flores v. Morgan Hill Unified School Dist.*, 324 F.3d 1130, 1134 (9th Cir. 2003) ("To establish a § 1983 equal protection violation, the plaintiffs must show that the defendants, acting under color of state law,

---

[1] He also categorizes his Fourteenth Amendment claim as proceeding simultaneously under the Rehabilitation Act.

[2] His Rehabilitation Act claim also fails for this reason. *See Weinreich v. Los Angeles County Metro. Transp. Auth.,* 114 F.3d 976, 978 (9th Cir. 1997) (noting that an essential element of a Rehabilitation Act claim is that the plaintiff was denied benefits solely by reason of his disability).

3

discriminated against them as members of an identifiable class and that the discrimination was intentional."). Rather, he alleges that Soltanian's actions were motivated by a desire to retaliate against him for protected First Amendment activity.

### 2. Defendants Sahota and Bobbala

Plaintiff alleges that defendants Sahota and Bobbala – both medical supervisors – were made aware of the discontinuation of his prescriptions by way of internal grievances. ECF No. 1 at 5. He claims that both repeatedly stated that plaintiff was receiving opiate pain medication when, in fact, he was not. *Id.* Plaintiff claims that he wrote both defendants approximately twenty-five times to inform of them of the discontinuation of his medication, but apparently no action was taken. The court finds that the facts alleged, taken as true, are sufficient to state an Eighth Amendment deliberate indifference claim against both defendants. While there is no liability connected to processing a plaintiff's grievances (*see Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003)) and no respondeat superior liability under section 1983 (*see Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002)), supervisory defendants may still be liable if they turn a blind eye to their subordinates misconduct. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Here, given that plaintiff allegedly wrote to Sahota and Bobbala numerous times concerning his lack of care, it may be inferred that they elected to ignore his claims rather than conduct a reasonable investigation.

The court will dismiss, however, any Fourteenth Amendment claim against either of these defendants. Plaintiff has not sufficiently explained how either Sahota or Bobbala violated his rights under that amendment. And any First Amendment claim would also fail insofar as plaintiff does not allege that he informed these defendants of Soltanian's reason for discontinuing his care.

### 3. Warden Jeff Lynch

Plaintiff claims that Warden Lynch wrote to him in July and September 2019 regarding his medical treatment and noted that plaintiff was receiving pain medication and epidural injections. ECF No. 1 at 6. He claims that in January of 2020, after Soltanian had begun retaliated against him, he spoke and wrote to Lynch and informed him of said retaliation. *Id.*
/////

Lynch apparently took no action, however. As with Sahota and Bobbala, these allegations are sufficient to state a supervisory claim against Lynch – under the First and Eighth Amendments - for turning a blind eye to his subordinates' misconduct. And, like Sahota and Bobbala, Plaintiff's Fourteenth Amendment claim against Lynch will be dismissed for want of sufficient explanation.

Plaintiff may either proceed only with the First and Eighth Amendment claims identified herein or he may amend his complaint to attempt to cure the deficiencies also identified herein. He may not, however, change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Moreover, plaintiff is not obligated to amend his complaint.

### C. Leave to Amend

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff is not obligated to file an amended complaint.

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

/////

/////

5

III. <u>Motion for Preliminary Injunction</u>

The court has reviewed plaintiff's motion for preliminary injunctive relief and recommends it be denied. ECF No. 6. Therein, he requests an injunction enjoining defendants (and their agents) from interfering with his desired medical treatment. *Id.* at 3. This motion fails. As an initial matter, the Supreme Court has held that to qualify for a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the plaintiff, and (4) an injunction is in the public interest. *Winters v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiff has not addressed or argued any of these factors in his motion. The court, having considered the *Winters* test, finds that plaintiff has not sufficiently shown either a likelihood of success on the merits or a likelihood of irreparable harm. He has presented no medical evidence – beyond his own affidavit, medical grievances, and grievance responses – which would allow the court to conclude that either factor was satisfied. Thus, the court will recommend this motion be denied without prejudice. *See, e.g., Parker v. Adu-Tutu*, No. CV 10-2747-PHX-GMS (ECV), 2012 WL 1894096, 2012 U.S. Dist. LEXIS 71649, *12 (Dist. Ariz. May 22, 2012) (finding that "absent any medical records or medical evidence to show that Plaintiff will suffer irreparable harm and that there is a likelihood of success on the merits, the Court declines to issue an injunction.").

IV. <u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF Nos. 2, 7) is GRANTED.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's complaint alleges, for screening purposes, the following viable claims:
   a. Eighth Amendment deliberate indifference to serious medical needs claims against defendants Soltanian, Sahota, Bobbala, and Lynch; and
   b. First Amendment retaliation claims against defendants Soltanian and Lynch.

/////

6

    4.     All other claims are dismissed with leave to amend within 30 days of service of this order. Plaintiff is not obligated to amend his complaint.

    5.     Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claims against defendants identified above, or file an amended complaint.  If the former option is selected and returned, the court will enter an order directing service at that time;

    6.     Failure to comply with any part of this this order may result in dismissal of this action for the reasons stated herein.

    7.     The Clerk of Court is directed to randomly assign a United States District Judge to this case.

Further, it is RECOMMENDED that plaintiff's motion for preliminary injunction (ECF No. 6) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 21, 2020.

                                                  EDMUND F. BRENNAN
                                                  UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br><br>Plaintiff,<br><br>v.<br><br>JALLA SOLTANIAN, et al.,<br><br>Defendants. | No. 2:20-cv-1067-EFB P<br><br><br>NOTICE OF ELECTION |

    In accordance with the court's Screening Order, plaintiff hereby elects to:

    (1) _____ proceed only with the (a) Eighth Amendment deliberate indifference to serious medical needs claims against defendants Soltanian, Sahota, Bobbala, and Lynch; and (b) First Amendment retaliation claims against defendant Soltanian and Lynch.

        OR

    (2) _____ delay serving any defendant and files an amended complaint.

                                                                           _____

                                                                            Plaintiff

Dated: