**RIVERA HEWITT PAUL LLP**
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
Tel: 916-922-1200 Fax: 916-922-1303

Jonathan B. Paul, SBN 215884
jpaul@rhplawyers.com
Jill B. Nathan, SBN 186136
jnathan@rhplawyers.com

Attorneys for Defendant
Jalal Soltanian-Zadeh

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>JALLA SOLTANIAN, et al.,<br><br>　　　　　Defendants. | Case No.:  2:20-cv-1067-JAM-JDP<br><br>**DEFENDANT SOLTANIAN-ZADEH'S ANSWER TO PLAINTIFF'S COMPLAINT, DEMAND FOR JURY TRIAL** |

　　　　Defendant Dr. Soltanian-Zadeh (hereinafter "defendant") hereby admits, denies and alleges as follows in response to Plaintiff's Original Complaint (hereinafter "complaint") filed May 7, 2020 (ECF No.: 1).

## A.  JURISDICTION

　　　　In response to page 1, paragraphs 1 and 2, defendant admits that jurisdiction is proper before the District Court and further that venue is appropriate with the Sacramento Division of the Eastern District of California.

## B.  DEFENDANTS

　　　　In response to page 2, paragraph 1 through 4, defendant admits that he was a physician at

California State Prison, Sacramento. Except as so admitted, defendant contends that the balance of the allegations within these paragraphs constitute averments of law and/or do not pertain to this answering defendant and thus do not require a further response. To the extent to which a response is deemed required, defendant denies.

### C.  PREVIOUS LAWSUITS

In response to pages 2 and 3, paragraphs 1 and 2, defendant admits that Plaintiff has previously filed lawsuits; however, defendant is without sufficient information and knowledge as to the specifics regarding the allegations contained within these paragraphs and on that basis denies them.

### D. CAUSE OF ACTION

### CLAIM I

In response to page 4, paragraphs 1 through 4, defendant denies.

In response to page 4, paragraph 5, defendant admits that there is an administrative appeal system in place at California State Prison, Sacramento; however, defendant is without sufficient information and knowledge as to the specifics regarding the allegations contained within the balance of this paragraph and on that basis denies them.

### CLAIM II

In response to page 5, paragraphs 1 through 4, defendant contends that these allegations do not pertain to this answering defendant and thus do not require a further response. To the extent to which a response is deemed required, defendant denies.

In response to page 5, paragraph 5, defendant admits that there is an administrative appeal system in place at California State Prison, Sacramento; however, defendant is without sufficient information and knowledge as to the specifics regarding the allegations contained within the balance of this paragraph and on that basis denies them.

### CLAIM III

In response to page 6, paragraphs 1 through 4, defendant contends that these allegations do not pertain to this answering defendant and thus do not require a further response. To the extent to which a response is deemed required, defendant denies.

In response to page 6, paragraph 5, defendant admits that there is an administrative appeal system in place at California State Prison, Sacramento; however, defendant is without sufficient information and knowledge as to the specifics regarding the allegations contained within the balance of this paragraph and on that basis denies them.

### CLAIM IV

In response to page 7, paragraphs 1 through 4, defendant denies.

In response to page 7, paragraph 5, defendant admits that there is an administrative appeal system in place at California State Prison, Sacramento; however, defendant is without sufficient information and knowledge as to the specifics regarding the allegations contained within the balance of this paragraph and on that basis denies them.

### D.  REQUEST FOR RELIEF

In response to the prayer for relief at page 8 of the complaint, defendant denies that plaintiff is entitled to the relief requested or to any relief at all.

### AFFIRMATIVE DEFENSES

Defendant hereby alleges the following separate and distinct affirmative defenses to Plaintiff Cortinas' complaint:

#### First Affirmative Defense

As a first affirmative defense, defendant alleges that plaintiff proximately caused and contributed to his alleged injuries by his own conduct including but not limited to plaintiff's refusals of medical evaluation and treatment. Plaintiff's recovery should hence be barred or reduced proportionately by his own careless, negligent and willful conduct.

#### Second Affirmative Defense

As a second affirmative defense, defendant alleges that plaintiff failed to mitigate the damages alleged in the complaint by, among other things, refusing medical visits and treatment.

#### Third Affirmative Defense

As a third affirmative defense, defendant alleges that plaintiff's complaint, and each purported cause of action, is barred by the Eleventh Amendment, to the extent plaintiff seeks monetary damages against defendant in his official capacity, or other relief barred by the Eleventh

Amendment.

### Fourth Affirmative Defense

As a fourth affirmative defense, defendant alleges that plaintiff's damages, if any, were caused, in whole or part, by plaintiff's own conduct, negligence, and/or acquiescence in the acts and omissions alleged in the complaint. Therefore, Plaintiff is not entitled to damages or any other relief against Defendant.

### Fifth Affirmative Defense

As a fifth affirmative defense, defendant alleges that if plaintiff suffered or sustained any loss, damage or injury as alleged in the complaint, such loss, damage or injury was proximately caused or contributed to by acts, or failures to act, of persons other than defendant, or legally caused or contributed to by negligence or wrongful conduct of other parties, persons or entities, which was an intervening and superseding cause.

### Sixth Affirmative Defense

As a sixth affirmative defense, defendant alleges that he is entitled to qualified immunity as he did not act with deliberate indifference during any encounters with plaintiff; moreover, no reasonable medical professional would have believed that defendant's conduct in treating plaintiff violated plaintiff's rights under clearly established law.

### Seventh Affirmative Defense

As a seventh affirmative defense, defendant alleges that because the complaint is couched in conclusory terms, defendant cannot fully anticipate all affirmative defenses that may be applicable. Accordingly, defendant reserves his right to assert additional affirmative defenses, if and to the extent, such defenses are applicable.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Dr. Soltanian-Zadeh prays as follows:

1. That Plaintiff Cortinas take nothing by way of his complaint, and that judgment be rendered in favor of this responding defendant;

2. That defendant be awarded their costs and fees of suit incurred; and

3. For such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Defendant Dr. Soltanian-Zadeh demands a jury trial as provided for in Rule 38 of the Federal Rules of Civil Procedure.

Dated: January 13, 2021

Respectfully submitted,

RIVERA HEWITT PAUL LLP

*/s/ Jonathan B. Paul*

JONATHAN B. PAUL
Attorneys for Defendant
Jalal Soltanian-Zadeh

*Larry William Cortinas v. Jalla Soltanian, et al.,*
**Eastern District Case No. 2:20-cv-01067-JAM-JDP**

## PROOF OF SERVICE

I am a citizen of the United States. My business address is 11341 Gold Express Drive, Suite 160, Gold River, CA 95670. I am employed in the County of Sacramento where this service occurs. I am over the age of 18 years and not a party to the within cause.

On the date set forth below, I served the following documents(s):

**DEFENDANT SOLTANIAN-ZADEH'S ANSWER TO PLAINTIFF'S COMPLAINT, DEMAND FOR JURY TRIAL**

☐ **BY MAIL:** I am readily familiar with my employer's normal business practice of collection and processing of correspondence for mailing. Under that practice, correspondence is deposited with the U.S. Postal Service that same day in a sealed envelope(s) with postage thereon fully prepaid at Gold River, California, in the ordinary course of business.

☒ **BY MAIL:** on the indicated parties in this action by causing a true copy thereof to be placed in a sealed envelope with postage thereon fully prepaid in the designated area for outgoing mail (all other parties listed below will receive this filing via the Court's ECF system).

☐ **BY ELECTRONIC SERVICE:** on the parties in this action by causing a true copy thereof to be electronically mailed to the attorneys of record in the above action.

on the interested party(ies) in this action addressed as follows:

| **Pro Se, Larry William Cortinas** | **Attorney for Defendant P. Sahota** |
|---|---|
| Larry William Cortinas<br>P-09908<br>California State Prison<br>Sacramento (290066)<br>P.O. Box 290066<br>Represa, CA 95671-0066 | Thomas P. Feher<br>LeBeau - Thelen, LLP<br>P.O. Box 12092<br>Bakersfield, CA 93389-2092<br>661-325-8962<br>Fax: 661-325-1127<br>Email: tfeher@lebeauthelen.com<br><br>**Attorneys for Defendant M. Bobbala**<br>Kelly Savage Day<br>Savage Day<br>101 Lucas Valley Dr.<br>Suite 272<br>San Rafael, CA 94920<br>415-259-6624<br>Email: kelly.savageday@savageday.com |

- 6 -
Defendant Soltanian-Zadeh's Answer to Plaintiff's Complaint, Demand for Jury Trial

|   |
|---|
| **Attorneys for Defendant M. Bobbala and Jeff Lynch**<br>Lyndsay Rebecca Crenshaw<br>CA Office of the Attorney General<br>600 W. Broadway<br>Suite 1800<br>San Diego, CA 92101<br>(619) 738-9503<br>Fax: (619) 645-2581<br>Email: lyndsay.crenshaw@doj.ca.gov |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on January 13, 2021 at Gold River, California.

*/s/Debra Vega*

_____

Debra Vega

Defendant Soltanian-Zadeh's Answer to Plaintiff's Complaint, Demand for Jury Trial