1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT
9                        FOR THE EASTERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br><br>        Plaintiff,<br><br>   v.<br><br>JALLA SOLTANIAN, *et al.*,<br><br>        Defendants. | Case No.  2:20-cv-01067-JAM-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANT BOBBALA<br><br>ECF No. 43<br><br>ORDER DENYING AS MOOT PLAINTIFF'S MOTIONS TO SET A HEARING OR ISSUE A RULING ON MOTIONS FOR INJUNCTIVE RELIEF<br><br>ECF Nos. 42, 46, 52, 54, 55, 56<br><br>FINDINGS AND RECOMMENDATIONS THAT:<br><br>PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE DENIED<br><br>ECF No. 27<br><br>DEFENDANT LYNCH'S MOTION TO DISMISS BE GRANTED<br><br>ECF No. 23<br><br>PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF BE DENIED<br><br>ECF Nos. 37, 45, 47, 49<br><br>OBJECTIONS DUE IN 14 DAYS |

1

Plaintiff, a state inmate with a history of lumbar and cervical disc damage, alleges that defendant Soltanian discontinued his prescriptions for pain medication and mobility devices after plaintiff refused to dismiss a lawsuit that he had previously filed in this court. He claims that defendants Sahota, Bobbala, and Lynch were aware of Soltanian's action but elected to ignore plaintiff's pleas to reinstate his treatment. Plaintiff alleges First Amendment retaliation claims against Soltanian and Lynch and Eighth Amendment deliberate indifference claims against all defendants.

Defendant Lynch, the warden of California State Prison-Sacramento, has filed a motion to dismiss the claims against him. Plaintiff has filed a motion for default judgment, a motion to voluntarily dismiss his claims against Bobbala, and four separate motions for injunctive relief. I will grant plaintiff's motion to dismiss the claims against Bobbala and recommend that the remaining motions be denied.[1]

## Motion to Dismiss Defendant Bobbala

Plaintiff has filed a motion asking that defendant Bobbala be dismissed from this action without prejudice. ECF No. 43. I construe plaintiff's filing as a request for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i), which permits a plaintiff to dismiss an action or defendant without a court order so long as the defendant has not served an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i); *see Commercial Space Mgmt. Co. v. Boeing Co., Inc.*, 193 F.3d 1074, 1078 (9th Cir. 1999) (observing that "a dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it").

Because Bobbala has not appeared in this action, much less filed an answer or motion for summary judgment, plaintiff can dismiss his claims against Bobbala without a court order. Accordingly, plaintiff's claims again Bobbala are dismissed without prejudice.

---

[1] Plaintiff has also filed six motions that collectively request that the court either hold a hearing or issue a ruling on his motions for injunctive relief. ECF Nos. 42, 46, 52, 54, 55, & 56. In light of my recommendation that plaintiff's motions for injunctive relief be denied, those motions are denied as moot.

**Motion for Default Judgment**

Plaintiff has also filed a document styled as a "request for summary judgment and[/]or entry of default" judgment. ECF No. 27. Notwithstanding its title, the document appears to be a motion for default judgment.[2] *Id*. at 1 (arguing that defendants failed to timely file an answer or otherwise respond to plaintiff's complaint).

Aside from defendant Bobbala, all defendants have responded to plaintiff's complaint. Defendant Lynch has filed a motion to dismiss, ECF No. 23, and defendants Soltanian and Sahota have filed answers, ECF Nos. 30, 41. Given that these defendants have appeared and demonstrated their intention to defend against plaintiff's claims, default judgment is not appropriate. *See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 689 (9th Cir. 1988) (holding that default cannot be entered if the defendant has filed a response indicating its intent to defend the action). I therefore recommend that the motion be denied.

**Defendant Lynch's Motion to Dismiss**

Defendant Lynch moves to dismiss the claim against him, arguing that the complaint's allegations fail to show that he participated in the violations of plaintiff's First and Eighth Amendment rights. ECF No. 23. Specifically, he argues that the allegations against him do not show either that he was deliberately indifferent to plaintiff's serious medical needs or that he retaliated against plaintiff for engaging in protected speech. ECF No. 23-1 at 4-7.

**A.    Legal Standards**

**1.    Motion to Dismiss Standards**

A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[2] Aside from the title, the document contains no other references to summary judgment. It also does not include any arguments directly related to plaintiff's claims, and the two-page filing was not accompanied by any supporting evidence. Accordingly, the motion is more appropriately construed as a motion for default judgment—not a motion for summary judgment.

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Dismissal under Rule 12(b)(6) may be based on either: (1) a lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

Pro se pleadings are held to a less stringent standard than are those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). However, the court need not accept as true either unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

### 2. Eighth Amendment Deliberate Indifference to Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992)). "This second prong—defendant's response to the need was deliberately indifferent—is satisfied by showing (a) a purposeful act or failure to respond to a

prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id*. (citing *McGuckin*, 974 F.2d at 1060).

### 3. First Amendment Retaliation

For an inmate to state a First Amendment retaliation claim, he must allege "(1) . . . a state actor took some adverse action against [him] (2) because of (3) [his] protected conduct, and that such action (4) chilled [his] exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). The First Amendment guarantees prisoner's meaningful access to the courts. *Jones v. Williams*, 791 F.3d 1023, 1035 (9th Cir. 2015).

A plaintiff is not required to allege that a defendant's action "'actually inhibited or suppressed'" his protected speech. *Id*. at 596 (quoting *Crawford-El v. Britton*, 93 F.3d 813, 826 (D.C. Cir. 1996). Instead, a plaintiff need only allege that the defendant's conduct "would chill *or* silence a person of ordinary firmness from future First Amendment activities." *Id*. at 568-69 (quoting *Mendocino Enviro. Center v. Mendocino Cty.*, 192 F.3d 1283, 1300 (9th Cir. 1999) (emphasis in original); *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009); *see also Az. Students' Ass. v. Ariz. Bd. of Regents*, 824 F.3d 858, 867 (9th Cir. 2016) (holding that "a plaintiff need only show that the defendant 'intended to interfere' with the plaintiff's First Amendment rights and that it suffered some injury as a result").

### B. Background

The complaint alleges that in 2016, plaintiff began receiving methadone and epidural injections to treat his cervical and lumbar disc damage. ECF No. 1 at 4. He appears to have had no issues with that treatment for several years. However, in mid-2019, the Prison Advocacy Network allegedly wrote a letter to defendant Lynch regarding issues with plaintiff's medical treatment. *Id*. at 6. Lynch responded to that letter in September 2019 and noted that plaintiff's treatment included pain medication and epidural injections. *Id*.

On November 21, 2019, Chief Medical Examiner Dr. Bobbala issued a written response to one of plaintiff's health care grievances and confirmed that plaintiff should be prescribed methadone. *Id*. at 9. Around the same date, the California Department of Corrections and

5

Rehabilitation ("CDCR") was served with a complaint for a lawsuit that plaintiff had commenced in this court. *Id*. at 9. Less than one week later, plaintiff learned from one of his physicians that an email had recently been added to his medical records. *Id*. That email allegedly instructed prison physicians to cease prescribing plaintiff pain medication unless he agreed to dismiss his suit against CDCR. *Id*. Plaintiff claims that on December 3, 2019, defendant Soltanian complied with the email's instructions and discontinued his methadone, as well his prescriptions for mobility devices, a neck brace, and a prescription pillow. *Id*. Soltanian also allegedly threatened to place plaintiff in a wheelchair, which would have resulted in plaintiff's transfer to administrative segregation.[3] *Id*.

In January 2020, plaintiff spoke and wrote to defendant Lynch about Soltanian's retaliatory actions, but apparently no remedial action was taken. Plaintiff subsequently filed a health care grievance complaining that he was not receiving pain medication. *Id*. at 10. While that grievance was pending, he agreed to accept a wheelchair and, shortly thereafter, he was prescribed Tramadol. He claims, however, that Soltanian discontinued that medication on April 19, 2020. *Id*. On April 22, 2020, a decision issued on plaintiff's health care grievance directing that he be prescribed Tramadol and that epidural injections be scheduled for July 2020. *Id*. Notwithstanding that decision, plaintiff claims that he has not since been prescribed any pain medication. *Id*. at 6, 10.

### C. Analysis

Defendant Lynch's motion rests primarily on a single argument: the complaint fails to state First and Eighth Amendment claims against him because plaintiff does not allege that Lynch was personally involved in violating his civil rights. ECF No. 1 at 4-8. More specifically, Lynch argues that the complaint does not allege that he took any adverse action in response to plaintiff's litigation or that his action or inaction interfered with plaintiff's medical treatment. *Id*.

At the outset, I note that Lynch's challenge to the sufficiency of plaintiff's allegations necessarily requires reconsideration of August 21, 2020 screening order, which found that

---

[3] Plaintiff appears to claim that the prison's removal of wheelchair-accessible ramps would have necessitated a transfer to administrative segregation. ECF No. 1 at 10.

6

plaintiff adequately pled Eighth Amendment claims against all defendants and First Amendment retaliation claims against Soltanian and Lynch. ECF No. 10. With respect to Lynch, Magistrate Judge Brennan's[4] screening order found that plaintiff's allegations, if accepted as true, show that Lynch had knowledge of Soltanian's actions but turned a blind eye to the misconduct. *Id*. 4-5. Nothing in Lynch's motion warrants reconsideration of that finding.

Although there is no supervisory liability under 42 U.S.C. § 1983, *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003), supervisors may be liable for their subordinates' constitutional violations if they "knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (holding that for a prison official to be liable for a violation, he "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye . . .").

Plaintiff claims that in January 2020, he personally spoke with Lynch and wrote him about Soltanian terminating his pain medication and other prescribed treatment as punishment for continuing his litigation activity. ECF No. 1 at 6. Plaintiff goes on to allege that he was briefly prescribed Tramadol, but only after he agreed to Soltanian's demand that he accept a wheelchair. *Id*. at 10. That medication, however, was discontinued in April 2020, despite plaintiff receiving a favorable decision in response to his grievance. *Id*. Under a liberal reading of plaintiff's allegations, it is reasonable to infer that Lynch had knowledge that Soltanian was violating plaintiff's civil rights but refused or failed to take corrective action to prevent the violations from continuing.[5] *See Manzarek v. St. Paul Fire & Mar. Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (The court must "accept factual allegations in the complaint as true and construe the pleadings in

---

[4] This action was originally referred to Judge Brennan, but was reassigned to me in October 2020. ECF No. 19.

[5] Lynch does not—nor could he reasonably attempt to—dispute that plaintiff's allegations adequately state a First Amendment retaliation claim and Eighth Amendment deliberate indifference claim against that Soltanian. *Rhodes*, 408 F.3d at 567-68 (setting forth the elements for a First Amendment retaliation claim); *Jett*, 439 F.3d at 1096 (holding that deliberate indifference may be established by "a purposeful act or failure to respond to a prisoner's pain or possible medical need . . .").

the light most favorable to the non-moving party."). Accordingly, plaintiff's allegations state First and Eighth Amendment claims against Lynch.[6] *See List*, 880 F.2d at 1045.

### Plaintiff's Motions for Injunctive Relief

Plaintiff has filed four separate motions for injunctive relief. ECF Nos. 37, 45, 47, 49. Collectively, plaintiff's motions request that: (1) defendants be ordered to prescribe methadone while he awaits completion of his epidural injections; (2) defendants be enjoined from interfering with his scheduled medical appointments; (3) plaintiff be allowed to receive treatment from Dr. Heather McCune; and (4) his prescription for skin lotion be reinstated. *Id*.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "[P]laintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). In addition to establishing irreparable harm, the injunctive relief sought must be related to the claims brought in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). A permanent injunction may be granted only after a final hearing on the merits. *See MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 520 (9th Cir.1993) ("As a general rule, a permanent injunction will be granted when liability has been established . . . .").

---

[6] In passing, Lynch notes that California Correctional Health Care Services ("CCHCS"), the entity responsible for providing inmates healthcare services, is supervised by a federal receiver and not Lynch. ECF No. 23-1 at 5. He also requests that the court take judicial notice of the contents of a Receiver Fact Sheet—available on CCHCS's website—which provides general information about the receiver, including his responsibilities. *Id*. at 5 n.1; ECF No. 23-2; ECF No. 23-3. Ostensibly, Lynch hopes that the court will infer from this information that only the receiver, and not Lynch, has the authority to intervene and remedy Soltanian's alleged conduct. Drawing such an inference in defendant's favor is inappropriate at this juncture. *See Manzarek*, 519 F.3d at 1031 (9th Cir. 2008) (In deciding a motion under Rule 12(b)(6), the court must "construe the pleadings in the light most favorable to the non-moving party."). I therefore decline to grant Lynch's request for judicial notice.

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants who seek preliminary injunctive relief against prison officials. In such cases, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). As the Ninth Circuit has previously observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of the State of California*, 220 F.3d 987, 998-99 (9th Cir. 2000).

As a threshold matter, none of plaintiff's motions addressed the *Winter* factors, and it is his burden to demonstrate that these factors warrant injunctive relief. *See Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) ("'An injunction is a matter of equitable discretion' and is 'an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.'") (quoting *Winter*, 555 U.S. at 376, 381). Moreover, plaintiff mostly seeks relief unrelated to the issues in this case. As discussed above, plaintiff's claims concern the discontinuation of all pain medication and certain medical devices in retaliation for his refusal to dismiss a lawsuit. Plaintiff's requests for skin lotion, to be treated by a specific physician, and for an order prohibiting defendants from interfering with his medical appointments, have no relation to the claims in this suit.

As for his request to be prescribed methadone, plaintiff has not shown that he will suffer irreparable harm unless he receives that specific medication. Significantly, he admits that he is currently prescribed Tramadol and Lyrica. ECF No. 45 at 1. But plaintiff does not submit any evidence suggesting that those medications are inadequate to address his medical needs. ECF No. 45 at 1. Absent such evidence, there is no basis for concluding that treatment with Tramadol and Lyrica—as opposed to methadone—will cause irreparable harm. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) ("Under Winter, plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction.")

(emphasis original); *Jenkins v. Nooth*, No. 3:15-cv-0558-SI, 2017 WL 1479421, at *5 (D. Or. Apr. 24, 2017) (finding no irreparable harm where prisoner was denied Gabapentin and instead prescribed only over-the-counter medication for nerve pain and fibromyalgia); *see also Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) ("[A] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [Section] 1983 claim."). Furthermore, the public interest would not be served by this court—which lacks medical expertise—substituting its opinion on proper treatment for that of plaintiff's treating physicians. *Cf. White v. Napoleon*, 897 F.2d 103, 113 (3d Cir. 1990) ("The medical care of prison inmates is entrusted to prison doctors, to whose judgment and training courts owe substantial deference. Courts are ill-equipped to specify the medical [treatment] that must be provided to prison patients.").

Accordingly, it is hereby ORDERED that:

1. Plaintiff's claims against defendant Bobbala are dismissed without prejudice pursuant to plaintiff's notice of voluntary dismissal. ECF No. 43

2. Plaintiff's motions for a hearing or a ruling on his motions for injunctive relief, ECF Nos. 42, 46, 52, 54, 55, & 56, are denied as moot.

Further, it is RECOMMENDED that:

1. Plaintiff's motion for default judgment, ECF No. 27, be denied.

2. Defendant Lynch's motion to dismiss, ECF No. 23, be denied.

3. Plaintiff's motions for injunctive relief, ECF No. 37, 45, 47 & 49, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to

appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 31, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE