UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br><br>Plaintiff,<br><br>v.<br><br>JALLA SOLTANIAN, *et al.*,<br><br>Defendants. | Case No.  2:20-cv-01067-JAM-JDP (PC)<br><br>ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR A SCHEDULING ORDER<br><br>ECF No. 62<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF BE DENIED<br><br>ECF No. 48<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

    Plaintiff has filed a motion for injunctive relief that asks that third-party Dr. Heather McCune be assigned as his primarily health care provider.[1]  ECF No. 48.

    "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20

---

[1] Plaintiff has also filed a motion asking that the court issue a scheduling order.  ECF No. 62.  That motion is moot in light of the March 1, 2022, discovery and scheduling order.  *See* ECF No. 65.

1

1  (2008)). "[P]laintiffs must establish that irreparable harm is likely, not just possible, in order to
2  obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131
3  (9th Cir. 2011). In addition to establishing irreparable harm, plaintiff must show that the
4  injunctive relief sought is related to the claims in the complaint. *See Pac. Radiation Oncology,*
5  *LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive
6  relief based on claims not pled in the complaint, the court does not have the authority to issue an
7  injunction."). A permanent injunction may be granted only after a final hearing on the merits.
8  *See MAI Sys. Corp. v. Peak Comput., Inc.*, 991 F.2d 511, 520 (9th Cir. 1993) ("As a general rule,
9  a permanent injunction will be granted when liability has been established . . . .").

10  The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner
11  litigants who seek preliminary injunctive relief against prison officials. In such cases,
12  "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to
13  correct the harm the court finds requires preliminary relief, and be the least intrusive means
14  necessary to correct that harm." 18 U.S.C. § 3626(a)(2). As the Ninth Circuit has previously
15  observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive
16  relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts
17  and to protect the bargaining power of prison administrators—no longer may courts grant or
18  approve relief that binds prison administrators to do more than the constitutional minimum."
19  *Gilmore v. People of the State of California*, 220 F.3d 987, 998-99 (9th Cir. 2000).

20  The instant motion is one of several motions for injunctive relief that plaintiff has filed.
21  *See* ECF Nos. 6, 37, 45, 47, & 49. As with his other motions, the instant one does not address the
22  *Winter* factors. Consequently, plaintiff has not met his burden of demonstrating that injunctive
23  relief is warranted. *See Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) ("'An
24  injunction is a matter of equitable discretion' and is 'an extraordinary remedy that may only be
25  awarded upon a clear showing that the plaintiff is entitled to such relief.'") (quoting *Winter*, 555
26  U.S. at 376, 381). Significantly, there is no basis for concluding that plaintiff will be irreparably
27  harmed by receiving treatment from a physician other than Dr. McCune. *See Cottrell*, 632 F.3d at
28  1131 ("Under *Winter*, plaintiffs must establish that irreparable harm is *likely*, not just possible, in

order to obtain a preliminary injunction.") (emphasis original). Furthermore, the public interest would not be served by this court—which lacks medical expertise—meddling in decisions best left to health care practitioners. *Cf. White v. Napoleon*, 897 F.2d 103, 113 (3d Cir. 1990) ("The medical care of prison inmates is entrusted to prison doctors, to whose judgment and training courts owe substantial deference. Courts are ill-equipped to specify the medical [treatment] that must be provided to prison patients.").

Accordingly, it is hereby ORDERED that plaintiff's motion for a scheduling order, ECF No. 62, is denied as moot.

Further, it is RECOMMENDED that plaintiff's motion for injunctive relief, ECF No. 48, be denied.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. The parties may, within 14 days of the service of these findings and recommendations, file written objections with the court. Such objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   March 1, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE