1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LARRY WILLIAM CORTINAS,               Case No.  2:20-cv-01067-DAD-JDP (PC)

12            Plaintiff,                    ORDER THAT:

13       v.                                (1) PLAINTIFF'S REQUEST FOR
                                           SCHEDULING ORDER IS DENIED;
14   JALLA SOLTANIAN, *et al.*,
                                           (2) DEFENDANTS' MOTION FOR
15            Defendants.                   DISMISSAL SANCTIONS IS DENIED
                                           WITHOUT PREJUDICE;
16
                                           (3) DEFENDANTS' MOTION TO COMPEL
17                                         IS GRANTED;

18                                         (4) PLAINTIFF'S MOTIONS TO COMPEL
                                           ARE DENIED; AND
19
                                           (5) DEFENDANTS' EX PARTE MOTION TO
20                                         VACATE AND RESET THE DISPOSITIVE
                                           MOTIONS DEADLINE IS GRANTED
21
                                           ECF Nos. 67, 72, 76, 77, & 85
22
                                           FINDINGS AND RECOMMENDATIONS
23                                         THAT PLAINTIFF'S MOTION FOR
                                           PRELIMINARY INJUNCTION AND
24                                         RESTRAINING ORDER BE DENIED

25                                         ECF No. 68

26

27

28

                                    1

Pending before the court are various motions related to scheduling and discovery.  I will address each in turn.

### Plaintiff's Motion for Scheduling Order

Plaintiff has filed a motion for a scheduling order that requests various forms of relief.  As an initial matter, he states that he has neither received a scheduling order nor been invited to a settlement conference.  ECF No. 67 at 1.  A scheduling order was entered shortly before plaintiff filed this motion, however, *see* ECF No. 65, and it is likely that it simply hadn't arrived at the time plaintiff filed his motion.  In any event, the circumstances of this case require modification of scheduling order, which is addressed below.  As to the issue of settlement, there is no entitlement to a settlement conference, and one has not been scheduled in this case.

Separately, plaintiff states that he is seeking a medical mattress, orthopedic pillow, and other medical items.  ECF No. 67 at 1.  Such requests are beyond the scope of a scheduling order and may be granted, if at all, in a properly supported motion for preliminary injunctive relief.

Plaintiff's motion for a scheduling order is denied.

### Plaintiff's Motion for Preliminary Injunctive Relief and Restraining Order

In his motion for preliminary injunctive relief, plaintiff states that on November 15, 2021, a neurosurgeon examined him and determined that he would require spinal fusion surgery.  ECF No. 68 at 6.  He seeks an order directing prison officials to provide him with an orthotic pillow, medical mattress, and a TENS unit.  *Id.* at 5.  These requests, insofar as they derive from a diagnosis occurring in November 2021 and differ from the relief requested in the original complaint, cannot form the basis of a motion for preliminary injunctive relief.  *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015).  Plaintiff's complaint centers on allegations related to pain medication that predate the November 2021 diagnosis.[1]

---

[1] The complaint does allege that in November 2019, defendant Soltanian retaliated against him by confiscating mobility devices, a neck brace, and a prescription pillow.  ECF No. 1 at 9-10.  This misconduct, however, occurred well before the surgeon's diagnosis.  *See Omega World Travel v. TWA*, 111 F.3d 14, 16 (4th Cir. 1997) ("[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action.") (case cited by the Ninth Circuit approvingly in *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015)).

1   ECF No. 1 at 4-6.  Accordingly, I recommend that this motion be denied.

2      **Defendants' Motion for Terminating Sanctions for Failure to Cooperate in Discovery**

3          Defendants move for terminating sanctions based on plaintiff's failure to participate in

4   discovery.  ECF No. 72.  They state that he failed to appear[2] for a remote deposition on August

5   10, 2022, and that he has failed to respond to written discovery propounded on June 22, 2022.  *Id.*

6   at 1.

7          I agree that plaintiff has failed to fulfill his discovery obligations, but terminating

8   sanctions are premature.  In considering terminating sanctions, I evaluate five factors:

9
10          (1) the public's interest in expeditious resolution of litigation; (2) the
            court's need to manage its dockets; (3) the risk of prejudice to the
            [party seeking sanctions]; (4) the public policy favoring disposition
11          of cases on their merits; and (5) the availability of less drastic
            sanctions.

12  *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987).  In considering the

13  fifth factor, the availability of less drastic sanctions, the Ninth Circuit has held that courts should

14  consider three subparts: "whether the court explicitly discussed alternative sanctions, whether it

15  tried them, and whether it warned the recalcitrant party about the possibility of dismissal."  *Valley*

16  *Eng'rs, Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998).  Here, none of those

17  subparts are answered in the affirmative and, thus, I find terminating sanctions against a *pro se*

18  party inappropriate at this time.  I consider the most crucial of these to be the warning about

19  possible dismissal and this order shall constitute that warning.  If plaintiff does not meet his

20  discovery obligations within thirty days of this order, I may find terminating sanctions

21  appropriate and recommend dismissal.

22          Defendants' motion for terminating sanctions is denied without prejudice.  Their separate

23  motion to compel based on plaintiff's failure to submit written responses, ECF No. 74, is granted.

24  Plaintiff must serve his written responses within thirty days of this order's entry.  He must also sit

25  for a deposition, if defendants choose to schedule another.  If he fails to fulfill either of these

26
27          [2] In his second motion to compel, plaintiff states that he was suffering from Covid-19 and
    gastrointestinal issues on the day he was to appear for his deposition.  ECF No. 77 at 1.  He states
    that he told a correctional officer about these symptoms but could not call or otherwise contact
28  defendants' attorneys in advance.  *Id.* at 2.

3

1  obligations, defendants may renew their motion for terminating sanctions, and I may recommend

2  that this action be dismissed.

3  **Plaintiff's Motions to Compel**

4         Plaintiff has filed two motions to compel.  ECF Nos. 76 & 77.  In the first, he argues that

5  Brandy Ebert, a prison litigation coordinator at the California Department of Corrections and

6  Rehabilitation ("CDCR"), has refused to turn over e-mails he subpoenaed unless he pays 964

7  dollars, an amount he states that he does not have.  ECF No. 76 at 1.  A document attached to his

8  second motion to compel indicates that this amount is the cost for copying and labor in producing

9  these e-mails.  ECF No. 77 at 5.  The court is not unsympathetic to plaintiff's position, but it is

10  not authorized to pay his discovery fees or to direct a third party to change its billing practices.

11  Additionally, it appears that the subpoena in question did not issue in this case or from this court.

12  The document apprising plaintiff of the costs indicates that the subpoena issued in a case called

13  "*Cortinas v. Lu_San Joaquin County Superior Court* Case No. STK-CV-LMM-2020-0007969."

14  *Id.*  Accordingly, it would be inappropriate for this court to enforce or otherwise manage

15  compliance with that subpoena.

16         The second motion to compel is similarly concerned with plaintiff's inability to obtain the

17  emails he subpoenaed.  *Id.* at 2.  That inability is not properly the subject of a motion to compel,

18  however, insofar as it appears that CDCR itself, not the defendants, control the emails at issue.

19  And, as explained above, it does not appear that this court issued the subpoena in question.

20         Accordingly, plaintiff's motions to compel are denied.

21  **Defendants' Motion to Vacate the Dispositive Motions Deadline**

22         Defendants request that, given the outstanding discovery issues, the dispositive motions

23  deadline, previously set for November 18, 2022, be vacated.  ECF No. 85.  That motion will be

24  granted, and this order will vacate that deadline and set a new schedule.

25         Accordingly, it is hereby ORDERED that:

26         1.     Plaintiff's motions for scheduling order and to compel, ECF Nos. 67, 76, & 77, are

27  DENIED.

28         2.     Defendants' motion for terminating sanctions, ECF No. 72, is DENIED without

prejudice.

     3.     Defendants' motions to compel and to vacate the dispositive motions deadline, ECF Nos. 74 & 85, are GRANTED.

     4.     By no later than February 2, 2023, plaintiff must submit his written responses to defendants' discovery requests.  Defendants are granted until February 17, 2023, to reschedule and complete plaintiff's deposition if they still wish to do so.  Any motion to compel must be filed by the same date.  The deadline for filing dispositive motions is continued to April 17, 2023.

     Further, it is RECOMMENDED that plaintiff's motion for preliminary injunction and temporary restraining order, ECF No. 68, be denied.

     I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time may result in the waiver of rights on appeal.  *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   __January 4, 2023__               _____

                                    JEREMY D. PETERSON
                                    UNITED STATES MAGISTRATE JUDGE