UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAMS CORTINAS, | Case No. 2:20-cv-01067-DAD-JDP (PC) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JALLA SOLTANIAN, *et al.*, | |
| Defendants. | |

Plaintiff, a state prisoner, filed this action in May 2020, alleging violations of his Eighth Amendment rights to constitutionally adequate medical care. Now pending is defendant Sahota's motion for terminating sanctions based on plaintiff's failure to comply with his discovery obligations. ECF No. 89. Plaintiff has responded twice, once in an opposition, ECF No. 94, and again in separately filed objections, ECF No. 95. Defendant has filed a reply. ECF No. 96. Having considered plaintiff's failures and the availability of lesser sanctions, I now recommend that Sahota's motion be granted and that this action be dismissed. As such, I also recommend that plaintiff's pending motion for preliminary injunctive relief, ECF No. 91, be denied as moot.

This is not plaintiff's first brush with the possibility of terminating sanctions. Defendants Soltanian and Sahota moved for terminating sanctions against plaintiff in August 2022, based on plaintiff's failure to respond to their written discovery and refusal to attend a scheduled deposition on August 10, 2022. ECF No. 72-1 at 2-3. I denied that motion without prejudice on

1

1  January 5, 2023, based primarily on my finding that terminating sanctions were inappropriate
2  without a prior warning.  ECF No. 86 at 3.  I ordered plaintiff to serve the missing responses on
3  defendants within thirty days and instructed him to sit for any future deposition that defendants
4  chose to schedule.  *Id.*  I warned him that failure to do so might result in terminating sanctions.
5  *Id.* at 3-4.

6  On February 16, 2023, defendant Sahota filed a renewed motion for terminating sanctions.
7  ECF No. 89.  Therein, he argued that, despite having been ordered to do so, plaintiff had not
8  provided any responses.  ECF No. 89-1 at 4.  Plaintiff's response appears to argue that the
9  deposition he missed was not properly scheduled with the prison litigation coordinator.  ECF No.
10 94 at 2.  He also argues that he has provided defendant Sahota with all required discovery, *id.*, but
11 does not specify what he provided or when he sent it.[1]  I note that a bundle of grievance
12 documents is attached to plaintiff's opposition.  *Id.* at 4-89.  The documents are not
13 contextualized in any way, and I cannot tell to whom or for what purpose they are offered.

14 By contrast, plaintiff omits in his objections admits that he "held onto" responsive
15 documents in anticipation of a deposition that was scheduled for February 8, 2023.  ECF No. 95
16 at 1.  Defendants ultimately cancelled that deposition, however, and he argues that, as such, they
17 are responsible for his inability to deliver the relevant discovery.  *Id.*  Defendants persuasively
18 point out that they cancelled the deposition because, without having the discovery in advance,
19 they could not determine what questions were pertinent at the deposition or even whether the
20 deposition was necessary.  ECF No. 96 at 2.  Moreover, I ordered plaintiff to comply with his
21 outstanding discovery obligations within thirty days of my January 5, 2023 order.  The
22 deposition, even if it had occurred, would have resulted in untimely delivery of the documents.

23 Accordingly, I now find terminating sanctions appropriate.  As before, I weigh five factors
24 in determining whether this heavy sanction is appropriate: "(1) the public's interest in expeditious

---

[1] Plaintiff appears to argue that responses to defendant Soltanian, but not Sahota, were at issue in the previous motion for terminating sanctions and, thus, he should not now be held accountable for any failure to provide responses to Sahota.  ECF No. 94 at 2.  This argument is not well taken.  My January order directed him to provide responses to all of *defendants'* (plural) outstanding requests.  ECF No. 86 at 5.

1 resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the
2 party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and
3 (5) the availability of less drastic sanctions." *Connecticut General Life Ins. Co. v. New Images of*
4 *Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). Additionally, only willfulness, bad faith, and
5 fault will justify terminating sanctions. *Id.* There is, in my view, no question that plaintiff is
6 willfully refusing to engage fully in discovery with defendants. I explicitly ordered him to turn
7 over missing discovery responses within thirty days; defendants have indicated that he did not do
8 so. Even construing plaintiff's words and deeds as generously as possible, plaintiff admitted that
9 he withheld documents past the deadline with the intent of delivering them at a later deposition.

10 The first factor, the public's interest in expeditious resolution, weighs in favor of
11 terminating sanctions. Plaintiff's refusal to timely and willingly comply with his discovery
12 obligations has delayed resolution of this case. I was previously forced to move deadlines for
13 depositions and dispositive motions because of plaintiff's willful refusal to provide discovery
14 responses or to sit for a scheduled deposition. *See* ECF No. 86. More broadly, "[t]he public's
15 interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*,
16 191 F.3d 983, 990 (9th Cir. 1999).

17 The second factor, the court's need to manage its dockets, also favors dismissal.
18 Plaintiff's failures to comply with his discovery obligations have delayed the case, required the
19 court to expend judicial resources on issues unrelated to the substance of plaintiff's claims, and
20 injected uncertainty into the course of this litigation. *See Patagalunan v. Galaza*, 291 F.3d 639,
21 642 (9th Cir. 2002) ("Arguably, Pagtalunan's petition has consumed some of the court's time that
22 could have been devoted to other cases on the docket. It is incumbent upon the Court to manage
23 its docket without being subject to routine noncompliance of litigants such as Pagtalunan.").

24 The third factor, risk of prejudice to defendants, also favors dismissal. "In determining
25 whether a defendant has been prejudiced, we examine whether the plaintiff's actions impair the
26 defendant's ability to go to trial or threaten to interfere with the rightful decision of the case."
27 *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987). That is undoubtedly the case
28 here, where plaintiff's failure to comply with his discovery obligations has impaired defendants'

ability to prepare for trial. *See Chism v. Nat'l Heritage Life Ins. Co.*, 637 F.2d 1328, 1331 (9th Cir. 1981) (overruled on other grounds in *Bryant v. Ford Motor Co.*, 844 F.2d 602, 605 (9th Cir. 1987)) ("Disregard of the discovery process deprived the defendant of needed information, increased its litigation expenses and forestalled its preparation for trial.").

The fourth factor, public policy favoring disposition on the merits, cuts, as always, against terminating sanctions. It lends little support, however, to a litigant who, by his own behavior, has impeded disposition on the merits. *See In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) ("Thus, we have also recognized that this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction.") (internal quotation marks omitted). That is, for the reasons explained above, the case here.

Finally, the fifth factor, the availability of lesser sanctions, also favors dismissal. Monetary sanctions would be ineffective where, as here, plaintiff is already proceeding *in forma pauperis*. Neither would any form of evidentiary sanction appear sufficient to deter plaintiff's continued intransigence. Most importantly, plaintiff was previously and explicitly warned that continued shirking of his discovery obligations might result in this outcome. *Estrada v. Speno & Cohen*, 244 F.3d 1050, 1057 (9th Cir. 2001) ("[W]e have held that a judge's warning to a party that a future failure to obey a court order will result in default judgment can itself suffice to meet the consideration of alternatives requirement.").

Accordingly, it is hereby RECOMMENDED that:

1. Defendant Sahota's motion for terminating sanctions, ECF No. 89, be GRANTED and that this action be dismissed as sanction for plaintiff's failure to comply with both his discovery obligations and the court's January 5, 2023 order.

2. Plaintiff's motion for preliminary injunctive relief, ECF No. 91, be DENIED as moot.[2]

---

[2] This motion is necessarily denied; if this action is dismissed, plaintiff will have no chance of success on the merits. *See Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) ("Because it is a threshold inquiry, when plaintiff has failed to show the likelihood of success on the merits, we need not consider the remaining three [*Winter* elements].") (internal quotation marks omitted).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   June 13, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE