UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS, | Case No. 2:20-cv-1067-DAD-JDP (PC) |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| JALLA SOLTANIAN, *et al.*, | |
| Defendants. | |

Plaintiff, a state prisoner, filed this action in May 2020, alleging violations of his Eighth Amendment right to constitutionally adequate medical care. Defendant Sahota has filed a motion for terminating sanctions, ECF No. 89, and plaintiff has moved for preliminary injunctive relief, ECF No. 91. On June 14, 2023, I recommended that Sahota's motion be granted, that this action be dismissed, and that plaintiff's motion be denied as moot. ECF No. 114. Having considered plaintiff's objections, ECF No. 115, I now vacate the June 14, 2023 findings and recommendations and recommend that both pending motions be denied.

**I.     Withdrawal of Findings and Recommendations**

I previously recommended that terminating sanctions be imposed based on plaintiff's failure to fulfill his discovery obligations. ECF No. 114. I reiterated—as I had spelled out in a January 5, 2023 order—that plaintiff had failed to attend a scheduled deposition and to submit responses to defendant Soltanian's written discovery requests. ECF No. 86 at 3. In that January

1

1    order, I had denied a prior request for terminating sanctions from defendant Soltanian but had

2    warned plaintiff that he was required to submit his outstanding written responses within thirty

3    days or face the renewed prospect of sanctions. *Id.* at 3-4.

4          On February 16, 2023, after the court's further-extended deadline had passed, defendant

5    Sahota moved for terminating sanctions and argued that plaintiff had failed to submit any written

6    discovery responses to any defendant. ECF No. 89-1 at 4. Plaintiff filed an opposition stating

7    that he had all the discovery defendants had requested, but that none of the defendants had shown

8    up for a February 26, 2023 deposition at which he had planned to hand over the relevant

9    documents. ECF No. 94 at 1-2; *see also* ECF No. 95; ECF No. 96 at 2. After considering the

10   pleadings, I recommended terminating sanctions.

11         Plaintiff filed objections to these findings and recommendations, expanding on certain

12   arguments and raising at least one new one. ECF No. 115. In these objections, plaintiff appears

13   to take the position that he has already complied with the relevant discovery-related orders.[1] *See*

14   *id.* at 1. He also argues that defendants *requested* that he bring certain documents to the

15   deposition that was ultimately cancelled. *Id.* ("DEFENDANTS . . . ASKED/REQUESTED

16   THAT PLAINTIFF BRING ALL DISCOVERY REQUESTED BY SAHOTA TO SAID

17   DEPOSITION."). In making this argument, plaintiff at least potentially suggests that he held

18   onto documents *because* he had been asked to deliver them at the deposition. Additionally,

19   plaintiff repeatedly emphasizes that there are no discovery documents that were not generated by

20   defendants and, thus, not already in defendants' control. *Id.* at 6. And plaintiff may be taking the

21   position that he provided certain allegedly-outstanding discovery material to one (but perhaps not

22   both) of the two relevant defendants. *See* ECF No. 115 at 1.

23         Defendants have filed a short response to these objections, re-emphasizing that plaintiff

24   held onto discovery-responsive documents past the court's deadline. ECF No. 116 at 1-2.

25   Defendants take the position that plaintiff's objections contain no new information, but, as noted

26   above, I am not convinced that this is correct.

27

28       [1] It is difficult to identify precisely what support plaintiff is offering for this assertion.

2

In light of the uncertainty created by plaintiff's objections—including uncertainty about whether a defendant may have asked plaintiff to bring information sought in discovery to his deposition—and considering the severity of terminating sanctions, I find it appropriate to withdraw my recommendations and instead to recommend denial of the motion for terminating sanctions.  Plaintiff shall be given a final thirty-day period to fulfill any outstanding discovery obligations.  He must mail any responsive documents to the appropriate defendants within that time.  If he believes that documents he possesses are already in the possession of or are otherwise accessible to defendants, he may submit well-supported objections explaining as much in lieu of the documents.  If the parties remain at odds over discovery after that period ends, defendants may file an appropriate motion.  The parties are notified that the court may consider setting any such motion for hearing to assist in evaluating the propriety of sanctions.

**II.      Denial of Preliminary Injunctive Relief**

Given that I am no longer recommending terminating sanctions, plaintiff's motion for preliminary injunctive relief, ECF No. 91, must be addressed on its merits.  I recommend that it be denied without prejudice.

In his motion, plaintiff requests a court order directing providers to follow the March 14, 2022 recommendations of a neurosurgeon that he be provided neck surgery and that all medication levels from prior to that date be "restored."  ECF No. 91 at 3.  To obtain preliminary injunctive relief, a movant must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).  Plaintiff has not addressed these factors in his motion, and it should be denied on that basis without prejudice to re-filing with proper briefing.

Accordingly, it is ORDERED that:

1. The findings and recommendations at ECF No. 114 are VACATED and withdrawn.

2. Within thirty days of this order's entry, plaintiff shall discharge all remaining discovery obligations.

Further, it is RECOMMENDED that:

3

1. Defendant Sahota's motion for terminating sanctions, ECF No. 89, be DENIED.

2. Plaintiff's motion for preliminary injunctive relief, ECF No. 91, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   September 12, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE