UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JALLA SOLTANIAN, et al.,<br><br>　　　　Defendants. | No.  2:20-cv-01067-DAD-JDP (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING DEFENDANT SAHOTA'S MOTION FOR TERMINATING SANCTIONS, AND DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF<br><br>(Doc. Nos. 89, 91, 117) |

　　　　Plaintiff Larry William Cortinas is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought against defendants for allegedly denying plaintiff his Eighth Amendment right to constitutionally adequate medical care.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On September 13, 2023, the assigned magistrate judge issued findings and recommendations recommending that defendant P. Sahota's motion for terminating sanctions (Doc. No. 89)[1] be denied and that plaintiff's motion for preliminary injunctive relief (Doc. No.

---

[1] On February 16, 2023, defendant Soltanian filed a joinder to defendant Sahota's motion for terminating sanctions due to plaintiff's failure to cooperate in discovery.  (Doc. No. 90.)  Likewise, on February 23, 2023, defendant Lynch filed a joinder to defendant Sahota's motion for terminating sanctions as well.  (Doc. No. 92.)  Thus, all three defendants remaining in this case seek the imposition of terminating sanctions.

1

91) be denied without prejudice.[2]  (Doc. No. 117.)  As to the latter, the magistrate judge explained that plaintiff had not addressed, let alone satisfied, the factors articulated in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008), as required to obtain preliminary injunctive relief.  (*Id.* at 3.)  For that reason, the magistrate judge recommended that plaintiff's motion be denied without prejudice to his re-filing of a new motion with proper briefing that addresses those factors.  (*Id.*)  The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service.  (*Id.* at 4.)  On September 25, 2023, plaintiff filed objections to the pending findings and recommendations.  (Doc. No. 118.)  None of the defendants filed a response to plaintiff's objections.  On September 27, 2023, defendant Soltanian filed objections to the pending findings and recommendations.  (Doc. No. 119.)  On September 27, 2023, defendant Sahota filed a joinder to defendant Soltanian's objections.  (Doc. No. 120.)  Defendant Lynch did not file any objections to the pending findings and recommendations.

 Beginning with plaintiff's objections, plaintiff does not meaningfully object to the pending findings and recommendations.  Plaintiff does not address his failure to discuss the *Winter* factors (e.g., his likelihood of success on the merits and his likelihood of suffering irreparable harm) nor does plaintiff include any discussion of why he believes he has satisfied the

---

[2]  The assigned magistrate judge had previously issued findings and recommendations recommending that defendant Sahota's motion for terminating sanctions be granted (Doc. No. 114), but the magistrate judge withdrew those findings and recommendations in response to plaintiff's objections and due in part to a lack of clarity with regard to plaintiff's arguments, including whether plaintiff had complied with the court's discovery-related orders and whether plaintiff had withheld documents because he was asked to deliver them at his deposition that was thereafter cancelled.  (*See* Doc. No. 117 at 2–3.)  The magistrate judge further ordered that:

> Plaintiff shall be given a final thirty-day period to fulfill any outstanding discovery obligations.  He must mail any responsive documents to the appropriate defendants within that time.  If he believes that documents he possesses are already in the possession of or are otherwise accessible to defendants, he may submit well-supported objections explaining as much in lieu of the documents.  If the parties remain at odds over discovery after that period ends, defendants may file an appropriate motion.  The parties are notified that the court may consider setting any such motion for hearing to assist in evaluating the propriety of sanctions.

(*Id.* at 3.)

2

1 requirements to obtain preliminary injunctive relief in this case.  Rather, plaintiff merely restates
2 the relief that he is seeking and the factual allegations in support of that relief—all of which
3 plaintiff had already stated in his motion and which the magistrate judge had already properly
4 determined to be an insufficient basis upon which to grant injunctive relief.  Thus, plaintiff's
5 objections do not provide any basis upon which to reject the pending findings and
6 recommendations.

7      As to defendants' objections to the pending findings and recommendations, defendant Soltanian asks the undersigned to adopt the withdrawn findings and recommendations and grant defendant Sahota's motion for terminating sanctions because "plaintiff must be held to account for his repeated abuses of the discovery process." (Doc. No. 119 at 1, 5.)  Defendant Sahota joins in defendant Soltanian's objections and also objects to the language in the magistrate judge's order providing plaintiff with a final 30-day period to comply with outstanding discovery obligations.  (Doc. No. 120.)  Defendants' focus on the prior findings and recommendations that have since been withdrawn by the magistrate judge who issued them is unavailing.  Moreover, to the extent defendants seek modification of the language used in the magistrate judge's discovery order, that request must be presented to the magistrate judge in a motion for reconsideration, not presented to the undersigned in their objections to the pending findings and recommendations.  Thus, defendants' objections do not provide any persuasive basis upon which to reject the pending findings and recommendations.

     In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, including the parties' respective objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

     Accordingly,

1. The findings and recommendations issued on September 13, 2023 (Doc. No. 117) are adopted in full;

2. Defendant P. Sahota's motion for terminating sanctions (Doc. No. 89), in which defendants Soltanian and Lynch joined, is denied;

3. Plaintiff's motion for preliminary injunctive relief (Doc. No. 91) is denied; and

4. This action is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **September 29, 2023**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE