UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br><br>  Plaintiff,<br><br>  v.<br><br>JALLA SOLTANIAN, *et al.*,<br><br>  Defendants. | Case No.  2:20-cv-01067-DAD-JDP (PC)<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT DEFENDANT SOLTANIAN'S MOTION FOR SANCTIONS AND PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF BE DENIED<br><br>ECF Nos. 124 & 139<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff, a state prisoner, filed this action in May 2020, alleging violations of his Eighth Amendment right to constitutionally adequate medical care. Two motions are pending. First, defendant Soltanian has filed a motion for terminating sanctions, ECF No. 124, alleging that plaintiff has persistently failed to meet his discovery obligations. I held a hearing on that motion on February 8, 2024. ECF No. 137. For the reasons stated below, I find terminating sanctions inappropriate and recommend that the motion be denied. More recently, plaintiff has filed a motion for a court hearing or order, seeking to "remove the intentional interference" and complaining about the conditions of his release. ECF No. 139. This motion, which I construe as one for preliminary injunctive relief, should also be denied.

Motion for Terminating Sanctions

Defendant Soltanian filed a motion for terminating sanctions on October 27, 2023, arguing that plaintiff's consistent failure to respond to written discovery requests and disregard for court orders warrants terminating sanctions. ECF No. 124.  I held a hearing on February 8, 2024, wherein plaintiff advanced several rationales for not submitting timely discovery, but ultimately appeared to agree to comply with his obligations. ECF No. 137.  Since that hearing, neither party has brought new substantive information regarding the discovery dispute to my attention.  In light of the representations made at the hearing and absent an update indicating that sanctions are warranted, I recommend denial of defendant Soltanian's motion without prejudice.

Motion for Preliminary Injunctive Relief

Plaintiff has filed a motion seeking a "court order or hearing." ECF No. 139.  The substance of the motion seeks modifications to the terms of his release from state custody.  For instance, plaintiff argues that restrictions on his ability to use a storage locker, use social media, and contact others without prior approval are hindering his ability to litigate. *Id.* at 1.  This motion should be denied.  Plaintiff has failed to address the factors set forth in *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008).  These are: (1) of a likelihood of success on the merits, (2) of a likelihood of suffering irreparable harm in the absence of preliminary relief, (3) that the balance of hardship tips in his favor, and (4) that an injunction is in the public interest. *Id.*  Plaintiff has failed to refer to these factors, much less demonstrate that they weigh in his favor.  And the bar for the relief sought here is high since it is far from apparent that the burden of parole conditions, even if limiting plaintiff's ability to litigate, should be weighed more heavily than the relevant public safety considerations.  This motion should be denied without prejudice.

Accordingly, it is RECOMMENDED that defendant Soltanian's motion for terminating sanctions, ECF No. 124, and plaintiff's motion for court order, ECF No. 139, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 16, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3