UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS, | Case No. 2:20-cv-1067-DAD-JDP (P) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JALLA SOLTANIAN, *et al.*, | |
| Defendants. | |

On November 13, 2024, the court ordered the parties to file status reports by no later than December 13, 2024. ECF No. 147. Defendants timely submitted a status report. ECF Nos. 148 & 149. Plaintiff, however, did not. Therefore, on January 6, 2025, I ordered plaintiff (1) to show cause why this action should not be dismissed for his failure to comply with court orders, and (2) ordered him to file a status report by January 27, 2025. ECF No. 150. I warned plaintiff that failure to comply with the court order would result in a recommendation that this action be dismissed. *Id*. Plaintiff did not file a status report by January 27, 2025, and has not otherwise responded as of the date of this order. Accordingly, I recommend that this action be dismissed for plaintiff's failure to comply with court orders and failure to prosecute.

The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal. *Bautista v. Los Angeles Cnty.*,

1

1 216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to
2 comply with these Rules or with any order of the Court may be grounds for imposition by the
3 Court of any and all sanctions . . . within the inherent power of the Court.").

4      A court may dismiss an action based on a party's failure to prosecute, failure to obey a
5 court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th
6 Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258,
7 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended
8 complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure
9 to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)
10 (dismissal for lack of prosecution and failure to comply with local rules).

11      In recommending that this action be dismissed for failure to comply with court orders, I
12 have considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's
13 need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
14 favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."
15 *Ferdik*, 963 F.2d at 1260-61 (citation omitted).

16      Plaintiff has failed to respond to court orders directing him to file a status report. *See* ECF
17 Nos. 147 & 150. The public interest in expeditious resolution, the court's need to manage its
18 docket, and the risk of prejudice to defendants all support imposition of the sanction of dismissal.
19 Lastly, the court's warning to plaintiff that failure to obey court orders will result in dismissal
20 satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*,
21 833 at 132-33; *Henderson*, 779 F.2d at 1424. The January 6, 2025, order expressly warned
22 plaintiff that his failure to comply with court orders would result in dismissal. ECF No. 150.
23 Plaintiff has had adequate warning that dismissal could result from his noncompliance. I find that
24 the balance of factors weighs in favor of dismissal.

25      Accordingly, it is hereby RECOMMENDED that:
26     1. This action be DISMISSED without prejudice for failure to comply with court orders
27 and failure to prosecute for the reasons set forth in the November 13, 2024 order. *See* ECF No.
28 147.

2

2. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   February 24, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE